F. B. VANDERGRIFT & CO., INC. *v.* UNITED STATES (No. 5265)[*]

United States Court of Customs and Patent Appeals, April 13, 1967

*Allerton deC. Tompkins* for appellant.

*Barefoot Sanders,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Arthur H. Steinberg* for the United States.

[Oral argument February 8, 1967, by Mr. Tompkins and Mr. Steinberg]

Before RICH, Acting Chief Judge, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK[**]

KIRKPATRICK, Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Second Division, 56 Cust. Ct. 502, C.D. 2688, overruling appellant's four consolidated protests to the classification of certain miniature revolving musical Christmas trees.

The collector classified some of the imports under paragraph 397 of the Tariff Act of 1930 as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and

[*] C.A.D. 908.

[**] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Trade, 91 Treas. Dec. 150, T.D. 54108,[1] as manufactured articles, not specially provided for, in chief value of aluminum, and other imports under paragraph 397 of the same Act as modified by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by Presidental Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649,[2] as manufactured articles, not specially provided for, in chief value of other base metal. The appellant claims classification under paragraph 372, as modified by said Sixth Protocol[3] or as modified by said T.D. 55615, as supplemented,[4] as machines, not specially provided for.

The imports consist of miniature artificial Christmas trees each mounted on a base containing a music box mechanism. When the trunk of the tree is inserted into the base, the base may be turned against the tree to wind the mechanism. Thereafter, when the device is released, the tree begins to revolve slowly and music emanates from the base.

The Customs Court, citing the case of *United States* v. *Adler-Jones Co.*, 20 CCPA 397, T.D. 46231, held that the imports were "more than machines" and thus did not fall within the category of machines for tariff purposes. In the *Adler-Jones* case, a manikin form of the cartoon character "Mr. Jiggs," equipped with a mechanism which could be wound to cause the body and head to swing or rock back and forth, was held not to be a machine for tariff purposes. In so holding, this court pointed out that the mechanism which caused the gyration

---

[1] Paragraph 397 of the Tariff Act of 1930, as modified by said Sixth Protocol:
Articles or wares not specially provided for, whether partly or wholly manufactured:

\*     \*     \*     \*     \*     \*     \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*     \*     \*     \*     \*     \*     \*

Other, \* \* \*_____ 19% ad val.

[2] Paragraph 397 of said act, as modified by said Presidential Proclamation No. 3468, as supplemented:
Articles or wares not specially provided for, composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead, tin or tinplate), partly or wholly manufactured, not plated with platinum, gold, or silver, and not colored with gold lacquer:

\*     \*     \*     \*     \*     \*     \*

Other, composed wholly or in chief value of base metal other than iron, steel, copper, brass, bronze, zinc, or aluminum:

\*     \*     \*     \*     \*     \*     \*

Other (except \* \* \*)_____ 20% ad val.

[3] Paragraph 372 of said act, as modified by said Sixth Protocol:
Machines, finished or unfinished, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

Other (except \* \* \*)_____ 11½% ad val.

[4] Paragraph 372 of said act, as modified by said T.D. 55615, as supplemented:
Machines, finished or unfinished, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

Other (except \* \* \*)_____ 10½% ad val.

of the figurine is only a part of the imported merchandise and that the imported article must be considered as a whole in determining its proper classification for tariff purposes.

The Customs Court also cited the case of *Thorens, Inc.* v. *United States*, 31 CCPA 125, C.A.D. 261, wherein this court held that a toilet paper dispenser having an attached music box mechanism was not a machine for tariff purposes since, when the article is considered as a whole, it did not come within the meaning of a machine as that term is commonly understood.

The observations of this court, noted by the court below, in the case of *United States* v. *Cody Manufacturing Co., Rohner Gehrig & Co., Inc.*, 44 CCPA 67, C.A.D. 639, are pertinent here:

It is a matter of common knowledge that music boxes are frequently associated with various toys and other devices. Thus, the *Thorens* case, cited above, involved a music box associated with a toilet paper dispenser, while the case of *Lador, Inc.* v. *United States*, 4 Cust. Ct. 123, C.D. 304, involved such a box associated with a stand for Christmas trees. It is evident, however, that while such combinations frequently result in unitary devices, those devices are not necessarily properly termed music boxes, and it was so held in both the *Thorens* and *Lador* cases.

The appellant has cited cases wherein this court has held devices such as a jet activated rotary lawn sprinkler, a hand activated paper punch, a hand counter, etc., to be machines for tariff purposes. However, those cases are clearly inapplicable to the present situation in view of our agreement with the conclusion reached by the Customs Court to the effect that the merchandise herein, when considered as a whole, is not within the meaning of "machine" as that term is used in the tariff statutes.

The judgment of the Customs Court is *affirmed*.

---

SMITH, Judge, dissenting.

I agree with the majority that the imported devices must be considered "as a whole" which is all both parties here ask us to do. However, in doing so, I reach a different conclusion than the majority for the following reasons.

The simple issue present here is whether, in view of the applicable customs provisions and previous judicial interpretations thereof, the imported devices are more properly machines, n.s.p.f., or manufactured articles, n.s.p.f. These provisions are set forth in the majority opinion.

Both parties urge that in resolving the above issue the imported devices are "potent witnesses." Appellee's brief describes the imported devices as follows:

The merchandise at bar consists of a decorative artificial Christmas tree, approximately two feet in height, which rests on a base containing a concealed

music box mechanism. The music box mechanism can be wound by turning the tree portion, which causes the tree to rotate to the accompaniment of music of the "music-box type" * * *. These musical revolving trees are apparently used for purposes of display and amusement during the Christmas season. * * *

The opinion of the court below explains the operation of the imported devices from a demonstration performed by a witness:

* * * After spreading the branches of the tree and inserting the trunk in the base, he turned the base against the tree, and when he released the device, the tree began to revolve slowly as music emanated from the base. The witness explained that the tree actually functions as a key in winding up the music box—in storing energy into the main gearbox. When the tree is released, a cylinder in the mechanism begins to roll and steel pins on the cylinder vibrate reeds, thus producing sound. At the same time, an inside gear turns smaller gears which turn a butterfly, or balancing wheel, which, according to the witness, is the main component for controlling the speed of the device. As the spring unwinds, the key or the tree, as the case may be, revolves and the various gears turn as they intermesh. He further explained that the base, as illustrated by plaintiff's exhibits 3 and 4, contains one spring, seven gears, and the key lever, and after the device is wound, it revolves and otherwise functions automatically. It is the releasing of the tension of the spring which causes all elements of the article to operate, and motion is transmitted from the spring to the various interlocking gears.

As precedents, appellee cites certain cases. First, a manikin, 3½ to 4 feet in height, having a spring and pendulum arrangement which caused the head and body to swing or rock back and forth, was classified as a clockwork mechanism and a protest claiming classification as a machine was overruled. *United States* v. *Adler-Jones Co.*, 20 CCPA 397, T.D. 46231. The opinion indicated that the mechanical device was but a small part of the figure and affected only a portion thereof. In *Thorens, Inc.* v. *United States*, 31 CCPA 125, C.A.D. 261, a toilet roll holder attached to a music box movement was classified as a manufacture in chief value of wood, n.s.p.f., and a protest claiming a classification either as a machine or as a music box was overruled. Therein the court interpreted *Adler-Jones* as requiring the imported device to be considered as a whole.

Appellant's brief contains the following summary of cases which it cites as precedents to be considered:

In *The Durst Mfg. Co., Inc.* v. *United States*, 50 C.C.P.A. (Customs) 56, C.A.D. 820, a jet activated rotary lawn sprinkler having only a rotary mechanical action, was held to be a machine.

In *Nord Light, Inc.* v. *United States*, 49 C.C.P.A. (Customs) 12, C.A.D. 786, a pulley controlled by hand power, and not self-activating, used in connection with a lighting fixture, which operated, in reverse, on the same principles as those in the common roller window shade, was held to be a machine.

In *United States* v. *Idl Mfg. & Sales Corp.*, 48 C.C.P.A. (Customs) 17, C.A.D. 756, a hand activated 2–hole paper punch having as mechanical forces only a spring device and a lever, was held to be a machine.

In *United States* v. *L. Oppleman Inc.*, 25 C.C.P.A. (Customs) 168, T.D. 49271, a simple aneroid barometer was held to be a machine. In that case, the only motivating force was the action of air pressure on a diaphragm, and there was only a slight motion of expansion or contraction of the diaphragm which motion was registered on a dial.

In *United States* v. *Endlein & Schmidt, United Hardware & Tool Corp.*, 22 C.C.P.A. (Customs) 108, T.D. 47082, a hand counter or tallying register that was "quite simple in its nature, and has no automatic operating structure, a pressing of the lever by the hand being required for each registration of a number", was held to be a machine.

In *United States* v. *Guth Stern & Co., Inc.*, 21 C.C.P.A. (Customs) 246, T.D. 46777, it was held that a very simple finger-operated device to sharpen razor blades was a machine.

In *United States* v. *Laing Harrar & Chamberlin*, 21 C.C.P.A. (Customs) 235, T.D. 46763, a simple shoe stretching device used in retail shoe stores to lengthen and widen shoes by turning screws, was held to be a machine.

The opinion of the court below contains the following statement:

In considering the much litigated and often perplexing question of what constitutes a machine for tariff purposes, our appellate court has indeed rejected the view that simplicity in function or mode of operation is of determining consequence. While declining to define the term "machines" for all purposes, for the reason that there is no precise definition into which all "machines" will comfortably fit, and being of opinion that the question remains one of common meaning to be applied upon the basis of the facts in each case, the court has, nevertheless, adverted with approval to the definition contained in the following excerpt from its decision in *Nord Light, Inc.* v. *United States, supra:*

A common meaning of the word "machine," found in the dictionaries which we referred to in the IDL case, supra [48 CCPA 17, C.A.D. 756], is a device, which may be either simple or complex, whose function is to increase the intensity of an applied force, or to change its direction, or to change one form of motion or energy into another form. Cf. The Columbia Encyclopedia, 2d Ed.

In affirming the customs collector the court below found as particularly relevant the two decisions relied on by appelle here. In addition, the court appeared to rely on *Lador, Inc.* v. *United States*, 4 Cust. Ct. 123, C.D. 304. Therein a Christmas tree stand having a music box as a part thereof was held to be "something more than a music box." The lower court noted that *Lador* was cited "with evident approval" in *United States* v. *Cody Mfg. Co.*, 44 CCPA 67, C.A.D. 639, wherein the court held certain figurines were "dolls" and not "parts of music boxes." However, it is to be noted that the competing classifications in the *Lador* and the *Cody* cases involved music boxes. Here, however, the issue arises under different competing paragraphs.

The court below reasoned that as certain devices having musical apparatus were not classified as musical boxes in other cases, they were, in effect, "something more" than musical boxes. As to the instant devices the lower court found that the mechanical features were

a "machine" within *Nord Light*, but considering the device "as a whole," it was "something more" than a machine. Judge Donlon, in a concurring opinion, refused to endorse this reasoning and joined in the decision of the court, without affirming the collector's classification, on the basis that appellant had failed to show the devices were "machines."

It seems to me that the issue here can only be resolved by the test referred to by the lower court, i.e., that the question of what is a machine is one of common meaning which is to be applied to the particular facts in each case. Accordingly, precedents in the form of decided cases, none of which presented the same facts as here, should be considered for their persuasiveness only but are not controlling on the issues here.

The imported devices, upon inspection, embody mechanical elements which perform the *dual function* of *providing music* and *rotating a display item*, here a Christmas tree. It is a unitary item. Viewed as a whole, and in view of the precedents cited here, I would find it to be a machine, n.s.p.f., whose purpose or use lies in the art of display. While it may be used primarily at Christmas, there is nothing in its structure which prevents it from being used at other times and with other items of display. It seems to me, therefore, that it properly is classified as a machine, n.s.p.f., useful in the display of objects.

The majority considers certain observations in *Cody* as "pertinent." I fail to discern any pertinence in the fact that toilet paper dispensers (*Thorens*), Christmas tree stands (*Lador*), and figurines (*Cody*), were found not to be *music boxes or parts* thereof as set forth in the majority opinion here. While the majority does not endorse the reasoning of the lower court that we are here dealing with something "more than a machine," see *United States* v. *Henry A. Wess, Inc.*, 54 CCPA 47, C.A.D. 903, it does not set forth reasoning which supports its conclusion that the imported devices, considered as a whole, are not machines in a tariff sense.

In view of the arguments and evidence of record,[1] especially the samples, it seems to me that the imported devices are more properly machines, n.s.p.f., useful for the display of objects, than they are manufactured articles, n.s.p.f. Such a conclusion would be consistent with our prior decisions that rotary lawn sprinklers, paper punches and hand counters are machines, n.s.p.f. I would, therefore, reverse the judgment of the Customs Court.

---

[1] Judge Donlon, in her concurring opinion, was of the view that the precedents established the conclusion "that the simple revolving and music playing device in the tree at bar does not make it, for tariff purposes, such a machine as paragraph 372 enumerates." However, Judge Donlon did not "encumber the record" with a discussion of these precedents, apparently because her original opinion was not accepted by a majority of the court below.